UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SINCLAIR,<br><br>                           Plaintiff,<br><br>  - against -<br><br>ASSOCIATED NEWSPAPERS LIMITED<br><br>                           Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stephanie Sinclair ("Sinclair" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Associated Newspapers Limited ("Associated" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted documentary film called *Too Young To Wed: Rajasthan* which documents the lives of young children forced to marry and have children at a young age and a photograph of two child brides from Yemen with their husbands. The film and photograph is owned and registered by Sinclair, a Pulitzer Prize winning photojournalist. Accordingly, Sinclair seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and does business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Sinclair is an award-winning professional photojournalist. Her work takes her around the globe documenting many issues including gender and human rights matters. Sinclair has received numerous awards and grants including the Alexia Foundation Professional Grant, UNICEF's Photo of the Year Award, the Lumix Festival for Young Photojournalism Freelens Award, First Place in the World Press Photo Contest, CARE International Award for Humanitarian Reportage, and The Pulitzer Prize. Sinclair is the founder and executive Director of Too Young To Wed, a non-profit organization aimed to help woman's rights and support a positive change for woman. Sinclair has a place of business at 73 South Hill Road, Cortlandt, Manor, New York 10567.

6.      Upon information and belief, Associated is a limited company with its United States headquarters located at 51 Astor Place, New York, New York 10003. At all times material hereto, Associated has owned and operated a website at the URL: www.DailyMail.Co.UK.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Film and Photograph**

7.      Sinclair has been documenting child marriage in India, Yemen, Afghanistan and Nepal for over a decade. Sinclair traveled to India to capture and document young children that were forced into marriage so that they can have children ("The Film"). The Film, *To Young To Wed,* garnered national attention and was exhibited around the world.

8. Sinclair traveled to Yemen to photograph more child brides with their husbands as part of her grass roots campaign to document forced marriages ("the Photograph"). The Photograph won first prize in the Contemporary Issues Stories category of the World Press Photo Contest. The Photograph won First Place out of 100,000 photographs from over 5,000 Photographers.

9. The Film was registered with United States Copyright Office and was given Copyright Registration Number PA 1-903-828.

10. The Photograph was registered with the United States Copyright Office and was given Copyright Registration number VA 1-911-560.

B. **Defendant's Infringing Activities**

11. Upon information and belief, Associated ran an article on the Website entitled *'I was playing outside when my mother told me I would marry': Ethiopian child bride- wed at 10 and pregnant at 13- on the moment her world changed forever*. See http://www.dailymail.co.uk/femail/article-2543166/Ethiopian-former-child-bride-tells-harrowing-story.html. The article prominently featured the Film. A true and correct copy of the Film on the article is attached hereto on a CD in Exhibit A.

12. Associated did not license the Film from Plaintiff for its article, nor did Associated have Plaintiff's permission or consent to publish the Film on its Website.

13. Upon information and belief, Associated ran an article on the Website entitled *Picture of drug-addled Ukrainian prostitute among the most startling press photographs of 2012*. See http://www.dailymail.co.uk/news/article-2230601/World-Press-Photo-2012-Picture-drug-addled-Ukrainian-prostitute-startling.html. The article prominently featured the

Photograph. A true and correct copy of the Photograph on the article is attached here to as Exhibit B.

14. Associated did not license the Photograph from Plaintiff for its article, nor did Associated have Plaintiff's permission or consent to publish the Film on its Website.

15. Upon information and belief, Associated posted the Photograph on its Pinterest social media page. See https://www.pinterest.com/pin/521291725587774571/. A true and correct copy of the Photograph on the Pinterest page is attached hereto as Exhibit C.

### CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST ASSOCIATED)
### (17 U.S.C. §§ 106, 501)

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17. Associated infringed Plaintiff's copyright in the Film and Photograph by reproducing and publicly displaying the Film and Photograph on the Website and their Pinterest social media page. Associated is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Film or Photograph.

18. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19. Upon information and belief, the foregoing acts of infringement by Associated have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

20.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

21.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Film and Photograph, pursuant to 17 U.S.C. § 504(c).

22.     Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

23.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law. Pursuant 17 U.S.C.  § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Associated be adjudged to have infringed upon Plaintiff's copyrights in the Film and Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     That Defendants, and their officers, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons entities acting in concert or participation with any Defendant, be joined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Film and Photograph pursuant to 17 U.S.C. § 502.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Film and Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 1, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Stephanie Sinclair*